### Michael David HIGGINS and Susan Elizabeth Lane, Plaintiffs,

v.

### R. S. "Bob" PETERS, Pulaski County Clerk, Defendant.

### LR-68-C-176

United States District Court, E.D. Arkansas, Western Division.

Signed September 25, 1968

Memorandum & Decree

Bill Wilson, United States District Judge

This is a suit for declaratory and injunctive relief brought against the County Clerk of Pulaski County, Arkansas, by a Negro man and a white woman who desire to marry. The defendant has refused to entertain their application for a marriage license on the basis of sections 4 and 9 of Chapter 94 of the Revised Statutes of Arkansas, Ark. Stats., Ann., sections 55-104 and 55-105.

Section 55-104 prohibits all marriages "of white persons with negroes or mulattoes," and declares such marriages to be illegal and void. Section 55-105 makes it a misdemeanor for any person to violate section 55-104.

The cause is before the Court on plaintiffs' motion for judgment on the pleadings.

In Loving v. Virginia, 388 U.S. 1, the Supreme Court of the United States held that the miscegenation statutes of the State of Virginia were unconstitutional as violative of the 14th Amendment to the Constitution of the United States. That decision, which is binding on this Court, is manifestly applicable here.

In view of the fact that it is clear beyond question that plaintiffs are entitled to relief, there is no occasion for the convening of statutory court of three judges.

The motion for judgment on the pleadings is granted.

It is CONSIDERED, ORDERED, ADJUDGED, and DECREED that the aforesaid Arkansas statutes be, and they hereby are, declared to be unconstitutional.

It is further CONSIDERED, ORDERED, ADJUDGED, and DECREED that the defendant, his deputies, assistants and successors be, and they hereby are, perpetually restrained and enjoined from enforcing or undertaking to enforce the Arkansas statutes in question by refusing on the basis of said statutes to entertain applications for or to issue marriage licenses to persons otherwise entitled to such license.

It is further CONSIDERED, ORDERED, ADJUDGED, and DECREED that the defendant and his assistants and deputies be, and they hereby are, enjoined mandatorily and specifically to entertain the application or applications of plaintiffs, Michael David Higgins and Susan Elizabeth Lane, for the issuance of a marriage license permitting them to be joined in matrimony, and to issue such a license to them in due course if apart from considerations of race they are eligible to receive such a license.